TAYLOR, Judge.
This is an appeal by Larry Coleman from a judgment of the district court affirming the decision of the Board of Zoning Adjustments of the City of New Orleans whereby the Board revoked a Use and Occupancy Permit issued to appellant permitting him to carry on a business within the premises, 1501 Forstall Street. The Board found, as did the district court, that the premises in question had lost its non-conforming status under the terms of the Comprehensive Zoning Ordinance.
Appellant contends that he has been deprived of his property without due process of law as provided by the Fourteenth Amendment to the United States Constitution. More particularly appellant argues that his Fourteenth Amendment rights were violated in that he was not afforded an opportunity to cross-examine any of the witnesses who appeared before the Board of Zoning Adjustments even though he requested the Board to allow him this right and that he was entitled to a trial de novo at the district court level which he did not receive.
The facts in the matter, as determined from the record of the hearing conducted before the Board of Zoning Adjustments, are substantially as follows:
Mr. Coleman purchased the property in question from Mr. Oscar McManus on May 27, 1969 and received a Use and Occupancy Permit on June 10, 1969 relative to the nonconforming use of the premises.
Mr. McManus, testifying on behalf of Mr. Coleman, stated that he had inherited the premises from his parents and that he conducted a used furniture business there subsequent to his being placed in possession. He further stated that he deliberately kept the volume of his business to a minimum and that the sales which he made for the months of November, 1968 through March, 1969 amounted as follows:
November, 1968 . $15.00
December, 1968 . 10.00
January, 1969 25.00
February, 1969 . 10.00
March, 1969 20.00
These amounts constitute the proceeds from a single sale confected during the month in which the money was received. Mr. McManus further stated that he maintained no inventory and paid no inventory tax; that he had no electricity on the premises and that he maintained another full time job at the time he was conducting his used furniture business. In fact when Mr. McManus was asked if he was selling a small amount of merchandise solely for the purpose of maintaining the non-conforming status of the property, he replied,
“I wasn’t intending to do this all the time. I was put in a situation; I inherited it and tried to make the best out of the situation legally.”
Article XXIV, § 2 of the Comprehensive Zoning Ordinance provides in part as follows:
“No building or portion thereof or land used in whole or in part for non-conforming purposes according to the provisions of this Ordinance, which hereafter becomes and remains vacant for a continuous period of six (6) calendar months shall again be used except in conformity with the regulations of the district in which such building or land is situated. Neither the intention of the owner nor that of anybody else to use a building or lot or part of either for any non-conforming use, nor the fact that said build *604 ing or lot or part of either may have been used by a makeshift or pretended non-conforming use shall be taken into consideration in interpreting and construing the word “vacant” as used in this Ordinance; * * * ” (Emphasis supplied).
Considering the testimony of Mr. McMan-us, appellant’s predecessor in title and a witness produced by appellant in support of his case, we are of the opinion that the use of the premises for the six (6) month period prior to the granting of the Use and Occupancy Permit constituted a “makeshift or pretended non-conforming use” within the contemplation of the Ordinance. The business in question was not opened for regular hours during the day as appellant held a full time job at this time. Neither can it be said that the business was being conducted for the purpose of realizing a profit when only one sale a month was consummated. According to Mr. Mc-Manus’ testimony, he was merely trying to maintain the non-conforming status of the property as may be seen from the following colloquy in the transcript:
“Mr. Ferran: ‘What type of business were you operating?’
Mr. McManus: ‘Used furniture.’
Mr. Ferran: ‘Used furniture.’
Mr. McManus: ‘That’s right. And the reason was I was put in the situation by the inheritance. I inherited this from my father — until we could do something with the property. So we are hoping — that is why the sales were so low. That is the reason.’ ”
Accordingly, we are in agreement with the finding of the Board of Zoning Adjustments and the district court that the nonconforming status of the property has lapsed since it has remained vacant for a period in excess of six (6) months.
We are of the further opinion that appellant has not been deprived of his Fourteenth Amendment right to procedural due process during the conduct of the hearing before the Board or before the district court.
We note that appellant did ask that the Board allow him the right to cross-examine the opposition witnesses but the Board refused his request. We are also aware that the general trend is to allow the right of cross-examination in hearings before zoning authorities since zoning boards do exercise a quasi-judicial function. 27 A.L.R.3d 1304. However even if the Board committed error in refusing to allow appellant the right of cross-examination, and we do not so hold because we do not feel it is necessary to pass on the matter in deciding this case, any such error would constitute harmless error in the case presently before us. In this case, the decision of the Board of Zoning Adjustments could stand solely on the basis of the testimony of appellant’s own witness, Mr. Oscar McManus. When appellant’s own case establishes the accuracy of the descision which is rendered, appellant cannot complain that he was prejudiced in not being allowed to cross-examine his opponent’s witnesses. It would be a vain and useless thing to remand a case to allow cross-examination when appellant has not sustained the burden of proof in supporting the allegations of his petition by the testimony of his witnesses.
Although counsel for appellant did not offer a proffer of the evidence he expected to elicit on cross-examination pursuant to L.S.A.-C.C.P. art. 1636 at the hearing before the district court, he stated to this court in oral argument that he expected to attack the credibility of the opposing witnesses. He stated he would do this by establishing through cross-examination that the witnesses testifying against him were opposed to his conducting a business on the premises because they thought he would be selling alcoholic beverages there. However we find that the record as presently composed clearly establishes already that there was a fear on the part of neighboring property owners including those testi *605 fying that appellant would allow the sale of alcoholic beverages from his establishment. Any additional testimony that could be adduced by way of cross-examination on this point would only be corroborative of a fact already established and would add nothing material to the record.
We are further of the opinion that appellant was not denied procedural due process at his hearing before the district court. L.S.A.-R.S. 33:4727 provides in part as follows :
“Any person or persons jointly or severally aggrieved by any decision of the board of adjustment * * * may present to the district court of the parish or city in which the property affected is located a petition, duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality. * * * Upon the presentation of such petition the court may allow a writ of certiorari directed to the board of adjustment to review the decision of the board of adjustment * * * If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take additional evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. }{i ‡
It is clear from the face of the statute that it is discretionary with the district court to allow additional evidence. We do not feel that the district judge abused his discretion in not allowing additional testimony or evidence in this case. Appellant had the opportunity before the Board of Zoning Adjustments to present the case most favorable to himself. Not having established a prima facie case in his own behalf at the original hearing, he may not now attempt to supplement the original record with evidence which he did not present initially. The district court examined the record thoroughly in what amounted to an appellate review of the matter. The court apparently found the facts sufficiently well established and determined that the Board of Zoning Adjustments had, as a matter of law, reached the proper conclusion. We agree with the decision of the district court.
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of these proceedings are to be paid by appellant.
Affirmed.